UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS HAROLD SPATCHEK,

   Plaintiff,

 v.             Case No. 21-cv-569-pp

ANDREW M. SAUL,

   Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

  The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The original motion did not have enough information for the court to make a decision about the plaintiff's ability to pay the filing fee, so it ordered the plaintiff to file an amended motion, dkt. no. 5, and the plaintiff has filed that amended motion, dkt. no. 6.

  To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

  Based on the facts in the plaintiff's amended affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's amended request indicates that he is not employed, he is not married, and he

1

has one ten-year-old son he is responsible for supporting. Dkt. No. 6 at 1. The original request stated that the plaintiff paid $75 per month toward the support of his son, dkt. no 2 at 1, but the amended request says that that was the amount the plaintiff was supposed to pay "but [has] not been able to since [his] disability was taken away," dkt. no. 6 at 4. The plaintiff's original request indicated that he had $475 per month from Foodshare, dkt. no. 2 at 2; in his amended request, the plaintiff clarifies that that amount is his "girlfriend's account that [he is] a part of as household," dkt. no. 6 at 4. According to the amended request, the plaintiff has no income and he pays no expenses; he owns a 2006 Pontiac Grand Prix, valued at approximately $900; he does not own his home or any other property of value; and he has $700 in a checking or savings account, the plaintiff indicates that this money came from the stimulus. Dkt. No. 6 at 3-4. Perhaps in the past the defendant had used the disability benefits that were "taken away" to pay toward his living expenses. Although the plaintiff is represented by counsel, the amended request did not specifically answer the court's questions about how the plaintiff is living and who is providing for his needs. The court will broadly construe the plaintiff's statement that he is part of his girlfriend's household as meaning that she pays for his food and housing and basic necessities. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

  The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319,

325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Social Security benefits for lack of disability, that he is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 10th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
